W. E. McKENZIE v. BOARD OF COUNTY COMMISSIONERS OF POLK
COUNTY.[1]

May 22, 1895.

Nos. 9240—(52).

**Contract for County Printing—Construction.**

> The proprietor of a newspaper filed a bid for printing and publishing the official notices of the county proceedings of the county commissioners, and delinquent tax list, at certain specified rates, conditioned upon his doing all of the county job printing at certain rates. By written resolution the board of county commissioners awarded to him, at the specified rates, the printing and publication of "the delinquent tax-lists and all other official notices and commissioners' proceedings." *Held*, that the contract was for the work mentioned in the resolution only.

Action by plaintiff in justice court for breach of contract. Plaintiff obtained judgment for $53.01 damages and defendant appealed to the district court on questions of law alone, and the district court reversed the judgment. It appeared from the pleadings, admissions and evidence returned to the district court that plaintiff made the bid and that defendants passed the resolution referred to in the opinion; that defendant procured certain job printing to be done by others than plaintiff; and that, had plaintiff done said printing, he would have realized a profit of $53. From an order of the district court, Ives, J., denying a motion for a new trial, plaintiff appealed. Affirmed.

*William Watts*, for appellant.

*A. R. Holston* and *Ira C. Richardson*, for respondent.

COLLINS, J.   For a proper determination of this case, it is quite immaterial that plaintiff's bid for printing and publishing the official notices of the county, the financial statement, proceedings of the board of county commissioners, and delinquent tax list in the newspaper of which he was the proprietor, at certain specified rates, was conditioned upon his doing all of the county job printing at certain rates; for, when the board of county commissioners proceeded to a consideration of the various bids presented, it sim-

[1] Reported in 63 N. W. 613.

ply accepted his in part, and by written resolution awarded to him, ·at the specified rates, the printing and publication of "the delinquent tax list and all other official notices and commissioners' proceedings." Of this official action the plaintiff was bound to take notice, and, if a partial award was not satisfactory, he should have declined to do any part of the work. The county, through its board of commissioners, made no contract with plaintiff, except that evidenced by the resolution from which we have quoted; and, as a consequence, it clearly appeared from the proofs that plaintiff was not entitled to recover.

Order affirmed.